# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAO HUE YENG XIONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-17-872-R |
| | ) | |
| WILLIAM "BILLY" MCCORMICK, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the Motion to Dismiss filed by Defendants Lepird and Keri Avant.[1] (Doc. No. 74). Plaintiff responded in opposition to the motion, Defendants filed a reply in support of their position and Plaintiff filed a sur-reply to contest dismissal. (Doc.Nos. 76, 84, and 85). Upon consideration of the parties' submissions, the Court finds as follows.

Plaintiff seeks relief under the Administrative Procedure Act ("APA") with regard to a prison disciplinary proceeding conducted at FCI El Reno on August 19, 2015. Following a hearing, which Plaintiff contends did not comply with due process or Bureau regulations, Plaintiff was restricted from using e-mail for thirty days and lost commissary privileges for forty-five days; he did not lose any good time credits. Defendants seek dismissal of this action asserting that they are not properly named as defendants in an APA claim, that Plaintiff lacks standing to sue because he has not suffered an injury in fact, and

---

[1] Defendants note that Plaintiff does not indicate whether he sues the Defendants in their individual or official capacities, an issue rendered moot by this Order.

that Plaintiff has failed to allege sufficient facts to support a claim. The Court finds that Plaintiff lacks standing to pursue his claim, and therefore dismissal is appropriate.

In the Fourth Amended Complaint (Doc. No. 69) Plaintiff asserts that Defendants violated the Administrative Procedures Act by failing to follow Bureau of Prisons policies regarding institutional discipline. He asserts that neither Defendant McCormick nor Defendant Avant should have participated in the unit disciplinary committee that found that he violated Prison regulation. He also contends that Defendants violated his rights under the First Amendment and his due process rights thereby violating the APA. As relief he seeks:

> [t]he reversal of the 8-19-15 U.D.C. decision, the removal of all digital and hard copy materials of and in relation to said decision at every level of the F.B.O.P.; and declare the unconstitutionality of Defendants' conduct.

(Doc.No. 69, ECF p. 18). At the outset, the Court dismisses Plaintiff's request for declaratory relief. "'A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply proclaim liability from a past act.'" *Copar Pumice Co., Inc. v. Morris*, No. CIV 07–0079 JB/ACT, 2009 WL 5201799, at *17 (D.N.M. Oct. 23, 2009)(quoting *Lawrence v. Kuenhold*, 271 F. Appx. 763, 766 (10th Cir. 2008), *aff'd*, 639 F.3d 1025 (10th Cir. 2011)). *See Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004)(McConnell, J., concurring)("[A] declaratory judgment action involving past conduct that will not recur is not justiciable.").

The APA waives the government's sovereign immunity against suit and provides jurisdiction over an action if the aggrieved party is seeking "relief other than money

damages" and "state[s] a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity." 5 U.S.C. § 702. The APA limits judicial review to "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. A party seeking relief under the APA must have Article III standing.[2]

Article III of the Constitution specifically limits the jurisdiction of federal courts to cases and controversies. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The case or controversy limitation requires that a plaintiff have standing." *United States v. Colo. Supreme Court*, 87 F.3d 1161, 1164 (10th Cir. 1996); *See* U.S. Const. art. III, § 2. "In general, this inquiry seeks to determine 'whether [the plaintiff has] such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination.'" *Wyoming ex rel. Crank v. United States*, 539 F.3d 1236, 1241 (quoting *Massachusetts v. EPA*, 549 U.S. 479, 539 (internal quotation marks omitted). "[A] suit does not present a Case or Controversy unless the plaintiff satisfies the requirements of Article III standing." *San Juan Cty., Utah v. United States*, 503 F.3d at 1171. To establish standing, a plaintiff must show three things: "(1) an injury in fact that is both concrete and particularized as well as actual or imminent; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision." *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008)(internal quotation marks

---

[2] Because Article III standing is jurisdictional, the Court first considers the Government's standing argument. See Spokeo v. Robins, ––– U.S. –––, 136 S.Ct. 1540, 1547, 194 L.Ed.2d 635 (2016).

3

and citation omitted). "Standing is determined as of the time the action is brought." *Smith v. U.S. Court of Appeals, for the Tenth Circuit*, 484 F.3d 1281, 1285 (10th Cir. 2007) (quoting *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir. 2005)).

As noted above, Plaintiff's disciplinary conviction occurred in August 2015, and his privileges would have long been reinstated when Plaintiff filed this action in August 2017. In a December 17, 2018 Objection to Report and Recommendation. Plaintiff concedes that any custody points that might have resulted from the disciplinary conviction, which could impact the security level of any facility where he is to be incarcerated, had been restored by the time the Central Office formally rejected his administrative remedy on August 15, 2016. (Doc.No. 64, p. 8). Accordingly, the question is whether the record of having received this discipline is sufficient to confer standing, or more directly, is expungement of his record sufficient to fulfill the redressability prong of standing?

The Court previously dismissed a suit under the APA by Mr. Xiong related to a September 2017 disciplinary conviction at FCI El Reno, one that precipitated his transfer from the facility. The Court noted that if it read Plaintiff's Complaint as excluding a complaint about the alleged retaliatory transfer, Plaintiff would lack standing to proceed.

> If the Court were to read Plaintiff's Complaint any other way—ignoring the actual injury at issue—then Plaintiff would not be able to meet his burden to show standing to bring suit. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The reason Plaintiff has standing to challenge his discipline and Defendant's alleged failure to hear his related grievances is because of the injury, his month-long stint in the SHU and transfer. *See id.* at 560-51 (requiring a "concrete and particularized" legally protected interest to satisfy the "injury in fact" element of standing). As Plaintiff repeated in the Amended Complaint and objection to the Report, the discipline did not cause a reduction of "good-time" credits that would affect his sentence. . . . Thus, without a sentencing change or disciplinary placement at issue, all that

4

would be left for Plaintiff to challenge in the mere label of "discipline" without actual injury.

*Xiong v. McCormick*, No. CIV-17-875, 2018 WL 2986214, *2 (W.D. Okla. June 14, 2018).[3] Here, the Court concurs with its prior declaration; in essence, there is no actual injury likely to be redressed by a favorable judicial decision. Plaintiff was not deprived of good time credits, rather, he lost certain privileges for limited time, a period that has long-since passed and had passed by the time he sought relief from the Court. The Court could not restore the lost telephone or commissary privileges even if it were to find that the Defendants violated the procedures set forth in the inmate disciplinary program.

> A basic principle of standing is that a person is not entitled to litigate in a federal court unless he can show a reasonable probability of obtaining a tangible benefit from winning. *E.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, —— – ——, 118 S.Ct. 1003, 1016–20, 140 L.Ed.2d 210 (1998); *Wisconsin Right to Life, Inc. v. Paradise*, 138 F.3d 1183 (7th Cir.1998); *Illinois Department of Transportation v. Hinson*, 122 F.3d 370, 372 (7th Cir.1997); *Free Air Corp. v. FCC*, 130 F.3d 447 (D.C.Cir.1997). Certainty is not required but a remote possibility won't do. *E.g., Shimer v. Washington*, 100 F.3d 506, 508 (7th Cir.1996); *North Shore Gas Co. v. EPA*, 930 F.2d 1239, 1242 (7th Cir.1991); *Fishbeck v. North Dakota*, 115 F.3d 580 (8th Cir.1997); *Mountain States Legal Foundation v. Glickman*, 92 F.3d 1228, 1234–35 (D.C.Cir.1996).

*Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998). Simply stated, Plaintiff has no injury redressable by the instant proceedings. Accordingly, the Court lacks jurisdiction over this action and dismissal is appropriate.

---

[3] After disavowing repeatedly that he was challenging the alleged retaliatory transfer, Plaintiff, at page 4 of his Response to Defendants' Motion to Dismiss, references an "intended retaliatory transfer." Any reliance on an alleged retaliatory transfer will run afoul of 18 U.S.C. § 3625, which provides that the APA does not apply to decisions regarding an inmate's place of confinement.

For the reasons set forth herein, the Motion to Dismiss filed by Defendants Avant and Lepird is hereby GRANTED. Plaintiff's Motion Requesting the Disclosure of the Necessary Contact Information to Serve William "Billy" McCormick is DENIED AS MOOT in light of the dismissal of the action.

**IT IS SO ORDERED** this 8th day of April 2020.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE